WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Shane Bailey, | No. CV-19-05663-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Peter W Yanez, | |
| Defendant. | |

On December 12, 2019, the Court granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). (Doc. 9). As the Court's Order explained, Plaintiff's Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2). For the reasons explained below, the Court will dismiss the Complaint (Doc. 1) without prejudice and will grant Plaintiff leave to file a First Amended Complaint.

## I. LEGAL STANDARDS

### A. Statutory Screening of In Forma Pauperis Complaint Pursuant to 28 U.S.C. § 1915(e)(2)

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it

demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

**B. Subject Matter Jurisdiction**

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter

jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states and the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity grounds] requires that the parties be in complete diversity and the amount in controversy exceed $75,000."). The goals of the amount-in-controversy requirement serve both to preserve the jurisdiction exercised by the state courts and to limit the size of the diversity caseload in federal courts. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 861 (9th Cir. 2001).

For federal question jurisdiction, 28 U.S.C. § 1331 provides that district courts have jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 8-9 (1983)).

## **II. DISCUSSION**

Plaintiff's Complaint alleges that Defendant Peter W. Yanez
> hacked my phone and paid an overseas Bank of India account $17,195.82 U.S currency to put a virus on my phone to eliminate any and all information that I had on him . . . I have also found out doing background research, that Mr. Yanez is on the FBI watch list for terroristic cyber-attacking and hacking. I do have a case started with the Maricopa sheriffs office as well, but they highly recommended me to file a federal case as well due to the overseas accounts and hacking.

(Doc. 1 at 1). Plaintiff asserts that the Court "has jurisdiction over this matter pursuant to federal statutes §§ US. Code 1030." (Doc. 1 at 1). The Court liberally construes the

Complaint as alleging that the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 based upon a federal question arising under 18 U.S.C. 1030. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (explaining that where a plaintiff appears pro se, "the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt").

The Computer Fraud and Abuse Claims ("CFAA"), codified at 18 U.S.C. § 1030, "is a federal criminal statute that also authorizes civil actions for any person who suffers damage or loss by reason of a violation of the statute." *In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434, 451 (N.D. Cal. 2018) (citing 18 U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.")). The CFAA "prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009); *see also* 18 U.S.C. § 1030(a)(1)-(7). Courts have held that a cell phone may qualify as a "protected computer" for purposes of the CFAA. *See In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d at 451 (iPhone qualifies as a "protected computer"); *United States v. Kramer*, 631 F.3d 900, 903 (8th Cir. 2011) (concluding that a "basic cell phone" that could be used only to call and text message qualified as a "computer" for purposes of the CFAA). 18 U.S.C. § 1030(e)(1)-(2) defines a "protected computer" as "an electronic . . . or other high speed data processing device performing logical, arithmetic, or storage functions" that "is used in or affecting interstate or foreign commerce or communication."

To state a private cause of action under the CFAA, a "plaintiff must prove that the defendant violated one of the provisions of § 1030(a)(1)-(7), and that the violation

involved one of the factors listed in § [1030(c)(4)(A)(i)(I)-(V)]."[1] *LVRC Holdings LLC*, 581 F.3d at 1131. The CFAA has a two-year statute of limitations. 18 U.S.C. § 1030(g) ("No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage").

Here, Plaintiff's Complaint does not indicate the specific subsection of the CFAA that Plaintiff alleges Defendant violated. The Complaint also does not include sufficient factual allegations showing that the phone at issue would qualify as a computer under the CFAA,[2] nor does it contain sufficient factual allegations from which the Court may reasonably infer that Defendant is liable for the alleged "hack" of Plaintiff's phone. In addition, because the Complaint does not indicate relevant dates, it is impossible for the Court to determine whether the two-year statute of limitations has expired.

Finally, the notes that the Complaint does not properly plead damages or loss under the CFAA. The CFAA defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). Courts have held that "damage" means actual harm to computers or networks as a result of a defendant's unauthorized accessed to a protected computer, rather than economic harm due to the commercial value of the data itself. *See NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 834 (N.D. Cal. 2014) (dismissing plaintiff's CFAA claim because plaintiff failed to allege any damages to the computer system or destruction to any data as a result of the defendant's unauthorized access of plaintiff's computer); *Farmers Ins. Exchange v. Steele Ins. Agency, Inc.*, No. 2:13-CV-00784, 2013 WL 3872950, at *21 (E.D. Cal. July 25, 2013) ("Indeed, a number of courts have noted that 'costs not related to computer impairment or computer damages are not compensable

---

[1] The bracketed subsection is added to reflect a change in the statute, which was amended in 2008. *LVRC Holdings LLC* referenced 1030(a)(5)(B) factors, which are now found under § 1030(c)(4)(A)(i). *See* 18 U.S.C. § 1030(g); *LVRC Holdings LLC*, 581 F.3d at 1131 n.3.

[2] Plaintiff does not allege that the phone at issue is a cell phone that has been used in interstate commerce or communication.

- 5 -

under the CFAA.'"); *Civic Ctr. Motors, Ltd. v. Mason St. Imp. Cars, Ltd.*, 387 F. Supp. 2d 378, 382 (S.D.N.Y. 2005) ("Costs not related to computer impairment or computer damages are not compensable under the CFAA."). The CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). A "loss" must total at least $5,000. *See Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1066 (9th Cir. 2016) (concluding that the plaintiff "suffered a loss within the meaning of the CFAA as plaintiff's employees spent many hours, totaling more than $5,000 in costs, analyzing, investigating, and responding to [the defendant's] actions"). Here, Plaintiff seeks damages in the amount of $1,500,000 for his "phone, loss of job, mental anguish, and taking down a serial homeland security hacker." (Doc. at 2). The Complaint lacks sufficient factual allegations showing that Plaintiff has suffered a harm recognized by the CFAA. The Complaint also fails to adequately identify the impairment of or damage to Plaintiff's phone that was accessed without authorization. *Doyle v. Taylor*, 09–cv–00158, 2010 WL 2163521, at *2-3 (E.D. Wash. May 24, 2010) (to show "damage" or "loss" under the CFAA, "plaintiffs must identify impairment of or damage to the computer system that was accessed without authorization").

For the above reasons, the Court concludes that the Complaint fails to adequately plead a cause of action under the CFAA. The Complaint does not allege any other basis for the Court's jurisdiction.[3] Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within thirty days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." If Plaintiff files a First Amended Complaint that asserts a cause of action under the CFAA,

---

[3] Diversity jurisdiction is not available as the Complaint states that the parties are both residents of the State of Arizona.

**Plaintiff must identify the specific subsection of the CFAA that Plaintiff alleges that Defendant has violated**. For example, if Plaintiff alleges that Defendant has violated 18 U.S.C. § 1030(a)(5), then the First Amended Complaint must so explicitly state. Plaintiff must allege sufficient allegations supporting each of the required elements of the subsection asserted.

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). **If Plaintiff fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice.** *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

### III. CONCLUSION

**IT IS ORDERED** that by **March 23 2020**, Plaintiff must file a First Amended Complaint that complies with this Order and corrects all deficiencies noted herein. If filed, Plaintiff shall indicate on the pleading that it is a "First Amended Complaint." Failure to timely file a First Amended Complaint may result in the dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that if the First Amended Complaint asserts a cause of action under the Computer Fraud and Abuse Claims, 18 U.S.C. § 1030, Plaintiff shall specifically identify the specific subsection of 18 U.S.C. § 1030 that Plaintiff asserts that Defendant has violated. The First Amended Complaint must contain sufficient allegations supporting each of the required elements of the subsection asserted.

**IT IS FURTHER ORDERED** that if Plaintiff files a First Amended Complaint, it may not be served until the Court has issued its screening order pursuant to 28 U.S.C. §

1915(e)(2).

Dated this 21st day of February, 2020.

_____
Honorable Eileen S. Willett
United States Magistrate Judge